IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ARMANDO Q. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2930-JDT-tmp |
| | ) | |
| MEMPHIS POLICE DEPARTMENT, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER
*IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE

On December 3, 2014, Plaintiff Armando Q. Anderson, who was, at the time, incarcerated at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on December 4, 2014, directing Plaintiff to submit, within 30 days, a copy of his inmate trust account statement, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b). (ECF No. 4.) However, on December 12, 2014, Plaintiff notified the Clerk that he had been released from the Jail and provided his current address. (ECF No. 5.)

Under the PLRA, 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in

installments. In this case, Plaintiff did not submit all of the necessary documents and the filing fee was not assessed prior to his release from the Jail. Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, Plaintiff is ORDERED to submit either a non-prisoner *in forma pauperis* affidavit or the entire $400 filing fee[1] within thirty (30) days after the date of this order. Failure to comply in a timely manner will result in the dismissal of this action without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall mail Plaintiff a copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

IT IS SO ORDERED.

       s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff is ultimately granted leave to proceed *in forma pauperis*, he will not be responsible for the additional $50 fee.